IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMANDA REID, individually and on behalf of all others similarly situated,<br><br>                                 Plaintiff,<br><br>v.<br><br>AMERICAN TRAFFIC SOLUTIONS, INC.,<br><br>                                 Defendant. | Case No. 3:10-cv-002040JPG-DGW |

**CLASS ACTION COMPLAINT**

COME NOW Plaintiff AMANDA REID, individually and on behalf of all others similarly situated, and against Defendant AMERICAN TRAFFIC SOLUTIONS, INC. and for her causes of action, she states as follows:

**NATURE OF ACTION**

1. This is a class action lawsuit brought on behalf of Plaintiff individually and on behalf of all others similarly situated who received a so-called "Notice of Violation" ("Notice") in regards to a purported traffic violation, in particular, an alleged failure to stop at a red light. See *RSMO § 304.120 and City of St. Louis Traffic Code §§ 17.07.040, 17.08.130*.

2. The Notice is sent on behalf of the "City of St. Louis" and is designed to look like a legitimate traffic ticket/ordinance violation ("violation"), however, that is not the case. Instead, the Notice is sent by American Traffic Solutions, Inc. ("ATS"), who contracted with the City of St. Louis to run its "Photo Enforcement Program." In actuality, there was no information filed by the City against Plaintiff or class members and instead, ATS simply sent the Notice to directly Plaintiff (and the class) in an attempt to wrongfully collect monies for the purported violation.
.

3. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA") for Defendant's improper practices as alleged herein and seeks certification of a Rule 23(b)(3) class ("FDCPA Class") for same. Plaintiff also seeks certification of a Rule 23(b)(2) class for a separate cause of action for violation of Plaintiff's and the class's 5th Amendment Right against self-incrimination ("5th Amendment Class").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. 1331, for violations of the FDCPA and 42 U.S.C. 1983, both of which arise under federal law.

5. Venue is proper pursuant to 28 U.S.C. § 1391 (b) (2). A substantial part of the events giving rise to the claims alleged herein occurred within this District which include among other things, Defendant sending the Notice to Plaintiff at her residence in Washington County, Illinois.

## PARTIES

6. At all times relevant, Plaintiff Amanda Reid ("Plaintiff") is a citizen and resident of Washington County, Illinois.[1] Plaintiff received a "Notice of Violation" for an alleged failure to stop at a red light on or about October 14, 2009. When Plaintiff attempted to have an attorney enter his appearance to contest the violation, he learned that no information was actually filed against her by the City of St. Louis and instead, the Notice was sent directly to her by ATS.

7. Defendant American Traffic Solutions, Inc. is an Arizona Corporation with its principle place of business in Phoenix, Arizona, and which does business throughout the United States, including Illinois and Missouri. On information and belief, ATS contracted with the City

---

[1] For the record, while it is irrelevant to the outcome of this case, Plaintiff denies that she violated any red light or other traffic ordinance on the date and time that she was alleged in Exhibit 1.

2

of St. Louis for the installation of traffic cameras at various locations throughout the city to capture images of cars that were violating intersectional red lights. Pursuant to its contract, it is believed that ATS was not only tasked with the installation of the traffic cameras, but also with administration of alleged violations on behalf of the city that would result from the operation of the red light cameras.

## BACKGROUND AND FACTUAL ALLEGATIONS

8. The automated photo traffic enforcement industry was pioneered in the United States by Defendant's President and CEO, James Tuton. The first speed camera program was implemented in Paradise Valley, Arizona in 1987. The red-light camera industry followed nearly 10 years later. As the market has matured and grown, so has ATS.

9. ATS has grown more than 500% since 2003 and is now the largest provider of traffic enforcement programs to America's big cities including: New York City and Nassau County, New York; Philadelphia, Pennsylvania; Washington, D.C.; St. Louis and Kansas City, Missouri; San Diego, California; Seattle, Washington; Houston, Fort Worth, Irving and Arlington, Texas; New Orleans and Baton Rouge, Louisiana; Memphis, Tennessee; Fort Lauderdale, Florida; and Tucson, Mesa, Glendale and Scottsdale, Arizona.

10. ATS serves more than 200 municipalities and government agencies (both large and small) with red-light and speed camera enforcement programs. ATS has installed nearly 1,100 cameras around the country, with hundreds more in various planning stages.

11. When ATS photographs a vehicle it believes failed to stop at a red light, it sends documentation to the registered owner of the vehicle, which is designed to look like an official

3

communication from a court or police agency, claiming a violation, and demanding a fine[2]. Indeed, on information and belief, ATS has designed its photo enforcement cameras to capture these images even when a light has been red for only 0.1 seconds. While ATS maintains the images are sent to the City of St. Louis Police Department where an officer views them and sends a citation to the car's registered owner, this is not what actually happens. Instead, the alleged violators receive the Notice directly from ATS, which contains only a facsimile of a police officer's signature.

12. Other related tasks are performed exclusively by ATS. For example, on information and belief, ATS is responsible for maintaining all data on alleged violators on its computer systems located in Arizona, instead of being maintained by the City of St. Louis.

13. In addition, ATS, and not the City of St. Louis, maintains a customer service office located within the city limits of the City of St. Louis with personnel available to answer citizen calls Monday through Friday from 8:00 a.m. until 4:00 p.m.

14. ATS, and not the City of St. Louis, also provides a toll-free telephone number for the purposes of answering alleged violators' questions. On information and belief, ATS directs and informs its toll-free number operators through uniform call scripts and uniform training manuals to advise callers it is the operator's opinion that he or she should just pay the ticket. At no time do its operators disclose ATS has a financial interest in the ticket being paid or that its operators have no familiarity with the applicable state law.

15. Finally, on information and belief, Defendant has agreed to provide expert witnesses to the City of St. Louis for use in prosecuting alleged violations

---

[2] Counts I through VI of this action do not seek to declare or adjudicate anyone innocent of any charge, or to attack red light cameras *per se*. Instead, Counts I through VI only challenge the illegal debt collection practices of Defendant.

16.     On October 20, 2009, on behalf of the City of St. Louis, Defendant sent Plaintiff a "Notice of Violation" and was requested to pay $100 to the City.

17.     Plaintiff did not pay the requested amount and November 23, 2009 was sent by Defendant, on behalf of the City, a "Final Notice." *Ex. 2.* The "Final Notice" contains information (date/time/place) about the purported violation and again demands payment of $100. It states, "This violation is a non moving infraction and no points will be assessed." *Ex. 2, p. 3.* On information and belief, this statement is a uniform representation that is made on each Notice and Final Notice sent to each class member throughout the class period.

18.     Contrary to applicable state law however, at no time was a criminal information filed against Plaintiff (or class members) nor signed by a prosecutor nor summons issued.  See *RSMO § 304.120, Missouri Supreme Court Rules 38.04, 37.34, 37.35 37.34, 37.43.*  There was also no exception to the filing of a summons. *Rule 37.43.*  At no time did Defendant inform Plaintiff (or class members) of these requirements that it failed to comply with.  Instead, it mailed Plaintiff (and class members) the Notice and attempted to collect monies it asserted were due.

## FAIR DEBT COLLECTION PRACTICES ACT ALLEGATIONS

19.     ATS is a "debt collector," as defined by 15 U.S.C. 1692(a).  A "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. *15 U.S.C. 1692(a).*

5

20. ATS used the U.S. Post to send and did send the Notice and Final Notice to Plaintiff (and the class) to collect a debt asserted to be owed by Plaintiff (and the class) to the City of St. Louis.

21. At all times relevant Defendant had a duty to comply with the Fair Debt Collections Practices Act, 15 U.S.C. 1692, *et seq*, and the specific subsections cited heretofore.

22. Pursuant to 15 U.S.C. 1692(k):

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of —
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)
> 
>    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
>    (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

23. Defendant's conduct as alleged herein was intentional and not the result of a *bona fide* error. Moreover, on information and belief, Defendant has not adopted any procedures to avoid any such error.

## CLASS ALLEGATIONS

24. Plaintiff brings Counts I-VI herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a) and (b)(3) are met with respect to the class defined below.

**A.    Class Definition**

25. The FDCPA Class is defined as:

> All persons who have been mailed a Notice of Violation or Final Notice by Defendant ATS in relation to red light cameras located in the City of St. Louis, Missouri on or after March 15, 2009.[3]

Excluded from the Class are: Defendant, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons immediate families, the presiding judge(s) in this case and his, her on their immediate family and Plaintiff's counsel.

**B.    Numerosity**

26. At this time, Plaintiff does not know the exact size of the class; however, due to the fact that ATS is the largest provider of traffic enforcement programs to America's major cities, Plaintiff believes that the Class members are so numerous that joinder of all members is impracticable. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery and identification from Defendant's records.

**C.    Commonality**

27. There are questions of law or fact common to the class, including at least the following:

    (a)    Whether Defendant is a debt collector as defined by 15 U.S.C. § 1692(a);

---

[3]   Plaintiff reserves the right to amend the class definition based upon future investigation, discovery and the proofs at trial.

(b) Whether Defendant violated the FDCPA as alleged herein;

(c) Whether Defendant owed a duty to Plaintiff and/or the Class not to violate the FDCPA;

(d) Whether Defendant breached its duty to refrain from violating the FDCPA in sending Plaintiff and the class the Notice and Final Notice; and

(e) Whether Plaintiff and Class members have sustained damages, and if so, what is the proper measure of those damages.

**D.    Typicality**

28.    Plaintiff has the same interests in this matter as all other members of the Class, and her claims are typical of all members of the class.

**E.    Adequacy**

29.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions.  Plaintiff will fairly and adequately represent the interests of the Class members and does not have interests adverse to the Class members and does not have interests adverse to the Class.

**F.    The Prerequisites of Rule 23(b)(3) are Satisfied**

30.    This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3).  The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.  The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary relief at issue

(e.g., $100) for each individual Class member. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the class.

## CAUSES OF ACTION

### COUNT I
**(Violation of 15 U.S.C. § 1692(e)(1) – false or misleading representations)**

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 30, as if fully set forth herein.

32. The Notice and Final Notice sent by ATS claims that it is sent by a law enforcement officer or agency, when in fact, it is not and is instead sent by ATS in violation of *15 U.S.C. 1692(e)*.

33. In particular, in violation of the FDCPA, Defendant sent to Plaintiff written communications, which appear to be from the City of St. Louis, and Police Officer Sherri Burns, when in truth and in fact it was sent by and from Defendant ATS, and as of the date of filing this Complaint, no case concerning Plaintiff (or the class) is on file in St. Louis, Missouri.

34. As a proximate cause of the foregoing, Plaintiff and the class have been damaged in an amount to be proven at trial, and in excess of One Dollar.

**WHEREFORE,** Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

    A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the Class defined herein;

    B.    Designating Plaintiff as representative of the Class and her counsel as Class counsel;

    C.    Entering judgment in favor or Plaintiff and the Class and against Defendant;

D.  Awarding Plaintiff and Class members their actual damages, statutory damages, costs and attorneys' fees, including interest thereon; and

E.  Granting such further relief as the Court deems just.

## COUNT II
**(Violation of 15 U.S.C. § 1692(e)(5) – false or misleading representations)**

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 30, as if fully set forth herein.

36. The Notice and Final Notice sent by ATS threatens legal action which is not contemplated in that it threatens "further legal action," when no court action has yet taken place, and none is intended in violation of *15 U.S.C. 1692(e)(5). Ex. 2, p. 1.*

37. As a proximate cause of the foregoing, Plaintiff and the class have been damaged in an amount to be proven at trial, and in excess of One Dollar.

**WHEREFORE,** Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A.  Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the Class defined herein;

B.  Designating Plaintiff as representative of the Class and her counsel as Class counsel;

C.  Entering judgment in favor or Plaintiff and the Class and against Defendant;

D.  Awarding Plaintiff and Class members their actual individual damages, costs and attorneys' fees, including interest thereon; and

E.  Granting such further relief as the Court deems just.

## COUNT III
**(Violation of 15 U.S.C. § 1692(e)(11) – false or misleading representations)**

38. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 30, as if fully set forth herein.

39. The Notice and Final Notice sent by ATS fails to disclose that it is an attempt to collect a debt in violation of *15 U.S.C. 1692(e)(11)*.

40. As a proximate cause of the foregoing, Plaintiff and the class have been damaged in an amount to be proven at trial, and in excess of One Dollar.

**WHEREFORE,** Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the Class defined herein;

B. Designating Plaintiff as representative of the Class and her counsel as Class counsel;

C. Entering judgment in favor or Plaintiff and the Class and against Defendant;

D. Awarding Plaintiff and Class members their actual individual damages, costs and attorneys' fees, including interest thereon; and

E. Granting such further relief as the Court deems just.

## COUNT IV
**(Violation of 15 U.S.C. § 1692(e)(11) – false or misleading representations)**

41. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 30, as if fully set forth herein.

42. The Notice and Final Notice sent by ATS fails to disclose that any information obtained will be used for the purposes of collecting a debt in violation of *15 U.S.C. 1692(e)(11)*.

43. As a proximate cause of the foregoing, Plaintiff and the class have been damaged in an amount to be proven at trial, and in excess of One Dollar

**WHEREFORE,** Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the Class defined herein;

B. Designating Plaintiff as representative of the Class and her counsel as Class counsel;

C. Entering judgment in favor or Plaintiff and the Class and against Defendant;

D. Awarding Plaintiff and Class members their actual individual damages, costs and attorneys' fees, including interest thereon; and

E. Granting such further relief as the Court deems just.

### COUNT V
**(Violation of 15 U.S.C. § 1692(e)(11) – false or misleading representations)**

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 30, as if fully set forth herein.

45. The Notice and Final Notice sent by ATS fails to disclose that it is from a debt collector in violation of *15 U.S.C. 1692(e)(11).*

46. As a proximate cause of the foregoing, Plaintiff and the class have been damaged in an amount to be proven at trial, and in excess of One Dollar.

**WHEREFORE,** Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the Class defined herein;

B.   Designating Plaintiff as representative of the Class and her counsel as Class counsel;

C.   Entering judgment in favor or Plaintiff and the Class and against Defendant;

D.   Awarding Plaintiff and Class members their actual individual damages, costs and attorneys' fees, including interest thereon; and

E.   Granting such further relief as the Court deems just.

## COUNT VI
### (Violation of 15 U.S.C. § 1692(g)(a) – false or misleading representations)

47.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 30, as if fully set forth herein.

48.   The Notice and Final Notice sent by ATS fails to notify Plaintiff and the class of a consumer's right to dispute the debt in violation of *15 U.S.C. 1692(g)(a)*.

49.   As a proximate cause of the foregoing, Plaintiff and the class have been damaged in an amount to be proven at trial, and in excess of One Dollar.

**WHEREFORE,** Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A.   Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the Class defined herein;

B.   Designating Plaintiff as representative of the Class and her counsel as Class counsel;

C.   Entering judgment in favor or Plaintiff and the Class and against Defendant;

D.   Awarding Plaintiff and Class members their actual individual damages, costs and attorneys' fees, including interest thereon; and

E.   Granting such further relief as the Court deems just.

13

**COUNT VII**
**(Violation of Fifth Amendment)**

50. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 18, as if fully set forth herein.

51. This Count is brought as a class action behalf of all persons who have been mailed documents by Defendant ATS in relation to red light cameras located in the City of St. Louis, Missouri, and which is based on an allegation of failing to stop at a red light, when the claim is asserted against the vehicle owner, without any evidence that the owner was driving the vehicle, and which places the driver in the position of being forced to waive her fifth amendment rights to challenge the charge, or be convicted, and when the charging jurisdiction has not enacted legislation actually making the owner of the vehicle responsible for the conduct of drivers who might fail to stop at a light.

52. When ATS sends the paperwork to Plaintiff, and the members of the Plaintiff class, it is jointly and willfully engaging with the state actors who contract with it, under color of state law, to act as herein alleged.

53. At all times relevant, there existed a provision of the Constitution of the United States, commonly known as the Fifth Amendment, which states, in relevant part, "…nor shall be compelled in any criminal case to be a witness against himself…".

54. The U.S. Supreme Court has held that the right against self-incrimination applies whether the witness is in a federal or state court (see *Malloy v. Hogan*, 378 U.S. 1 (1964)), and whether the proceeding itself is criminal or civil (see *McCarthy v. Arndstein*, 266 U.S. 34 (1924)).

55. ATS, through and along with the state actors by which it is jointly and willfully acting with, has set up a regime whereby an owner of a vehicle is presumed guilty of a charge, unless and until he or she provides an affidavit blaming someone else for the alleged crime.

56. In so doing, Defendant, along with the state actors by which it is jointly and willfully acting, is forcing persons to provide an *ex officio mero* (confessions or swearing of innocence, usually before hearing any charges), and anyone refusing is taken for guilty, similarly to how suspected Puritans were pressed to take the oath and then reveal names of other Puritans prior to the Revolution.

57. In the most famous Fifth Amendment case, John Lilburn refused to take the oath in 1637. His case and his call for "freeborn rights" were rallying points for reforms against forced oaths, forced self-incrimination, and other kinds of coercion. Oliver Cromwell's revolution overturned the practice and incorporated protections, in response to a popular group of English citizens known as the Levellers. The Levellers presented *The Humble Petition of Many Thousands* to Parliament in 1647 with 13 demands, third of which was the right against self-incrimination in criminal cases. These protections were brought to America by Puritans, and were later incorporated into the United States Constitution through the Bill of Rights, and specifically the Fifth Amendment.

58. At all times relevant, there exists a certain statute, 42 U.S.C. 1983, that states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

59. In violation of 42 U.S.C. 1983, Defendant ATS acted as heretofore alleged.

60. Plaintiff brings this count as a class claim pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a) and (b)(2) are met with respect to the class defined below.

**A.  Class Definition**

61. The 5th Amendment Class is defined as:

> All persons who have received notification from Defendant, in connection with a red light traffic camera located in the City of St. Louis, Missouri, at any time from March 1, 2007 to the date of trial, and which was facially issued from a jurisdiction without a statute imposing liability on the vehicle owner, and which provided a presumption of guilt, unless the person accused provided an affidavit or other evidence identifying the driver of the vehicle.[4]

Excluded from the Class are: Defendant, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons immediate families, the presiding judge(s) in this case and his, her on their immediate family and Plaintiff's counsel.

**B.  Numerosity**

62. At this time, Plaintiff does not know the exact size of the class; however, due to the fact that ATS is the largest provider of traffic enforcement programs to America's major cities, Plaintiff believes that the Class members are so numerous that joinder of all members is impracticable. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery and identification from Defendant's records.

**C.  Commonality**

63. There are questions of law or fact common to the class, including at least the following:

---

[4] Plaintiff reserves the right to amend the class definition based upon future investigation, discovery and the proofs at trial.

      (a)    Whether the Defendant violated the Fifth Amendment rights of Plaintiff and the class;

**D.    Typicality**

64.    Plaintiff has the same interests in this matter as all other members of the Class, and her claims are typical of all members of the class.

**E.    Adequacy**

65.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions. Plaintiff will fairly and adequately represent the interests of the Class members and does not have interests adverse to the Class members and does not have interests adverse to the Class.

**F.    The Prerequisites of Rule 23(b)(2) are Satisfied**

66.    This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(2). By sending out common Notices and Notices to Appear, which all state uniform language for an identical purpose, ATS has acted on grounds that apply generally to the class. Declaratory relief is thus appropriate with respect to the class as a whole to declare their 5th Amendment rights have been violated.

**WHEREFORE,** Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(2), and certifying the Class defined herein;

B.    Designating Plaintiff as representative of the Class and her counsel as Class counsel;

C.    Entering judgment in favor or Plaintiff and the Class and against Defendant;

D. Awarding Plaintiff and Class members their actual individual damages, costs and attorneys' fees, including interest thereon; and

E. Granting such further relief as the Court deems just.

**DATED**: March 17, 2010

Respectfully submitted,

**Amanda Reid,**
**Class Plaintiff,**


By:   /s/ Peter J. Maag
          One of Her Attorneys

| | |
|---|---|
| Thomas G. Maag #6272640<br>**Wendler Law, P.C.**<br>900 Hillboro, Suite 10<br>Edwardsville, IL 62025<br>Telephone: (618) 692-0011<br>Facsimile: (618) 692-0022<br><br>Peter J. Maag #6286765<br>**Maag Law Firm, LLC**<br>P.O. Box 224<br>Breese, IL 62230<br>Telephone: (618) 541-2934 | James F. Kelly #6276953<br>Jeffrey A. J. Millar #6271673<br>**Brent Coon & Associates, P.C.**<br>12201 Big Bend Blvd, Suite 200<br>St. Louis, MO 63122<br>Telephone : (314) 822-0732<br>Facsimile : (314) 822-0943<br><br><br><br>**Attorneys for Plaintiff and Proposed Classes** |

18