IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMANDA REID, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>AMERICAN TRAFFIC SOLUTIONS, INC.,<br><br> Defendant | Case No. 10-cv-204-JPG-DGW<br><br>Consolidated with |
| MICHAEL C. KUFSKIE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>AMERICAN TRAFFIC SOLUTIONS, INC.,<br><br>        Defendant. | Case No.10-cv-269-JPG |

**MEMORANDUM AND ORDER**

  THIS MATTER comes before the Court on plaintiff Michael C. Kufskie's Motion to Consolidate (Doc. 17) this matter with *Reid et al. v. American Traffic Solutions, Inc.*, Case No. 3:10-CV-204-JPG-DGW. The two cases involve the same basic set of facts – operation of the Intersection Safety Camera Program – and identical theories under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, under 42 U.S.C. § 1983 for violation of the Fifth Amendment, and under various state law tort theories. In addition, Defendant American Traffic Solutions, Inc. ("ATS") is the defendant in both cases, and the respective sides of each case are represented by the same attorneys. ATS objects to consolidation (Doc. 24), noting that

the various plaintiffs received traffic tickets in different Missouri[1] municipalities for violations of different municipal ordinances, and that in each instance, ATS was operating under a different contract. It believes that little would be gained from consolidation because the cases are already both before this Court and on the same discovery schedule, and that consolidation would risk confusion.

Rule 42(a) allows the Court discretion to consolidate cases that involve a common question of law or fact. It is an abuse of discretion, however, to consolidate cases that, even though they involve claims of the same nature, involve "different allegations and time frames." *See King v. General Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992) (age discrimination cases).

This case clearly involves common questions of law and similar questions of fact. The plaintiff in each case received a notice under the Intersection Safety Camera Program administered by ATS and believes ATS has violated the law in attempting to collect money from the notice recipient, in each case using similar methods. Each plaintiff alleges identical same legal theories. In light of these similarities, the Court believes it would be more efficient to consolidate this case and decide those common issues in common proceedings. The factual issues distinguishing these cases are not substantial enough to render this disposition too confusing or burdensome. Furthermore, the Court notes that issues relevant to class certification, which has been requested in both cases, are likely to be similar. Separate proceedings leading to a class certification decision would be redundant.

For these reasons, the Court **GRANTS** the motion to consolidate (Doc. 17) and **CONSOLIDATES** this action into *Reid v. American Traffic Solutions, Inc.*, 10-cv-204-JPG-

---

[1] ATS notes that in *Reid*, the plaintiff was given leave to file an amended complaint to add a plaintiff who had received a notice stemming from a traffic camera in Illinois. Leave was given on July 27, 2010, yet the plaintiff never filed an amended complaint. In light of this inordinate and unexplained delay, the Court vacates the order granting leave to amend the complaint and will proceed with the original complaint.

DGW.  All future filings shall bear the consolidated caption used in this order and shall be filed only in *Reid*.  The Scheduling Order entered in *Reid* shall remain in full force and effect as to the newly consolidated case.  The Court further **VACATES** the prior order granting Reid leave to amend her complaint.  The Court will consider the pending motion filed in *Kufskie* as being addressed only to plaintiff Kufskie's claims.

**IT IS SO ORDERED.**
**DATED: October 8, 2010**

                                        s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**